**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EARL RASTELLA,**
Plaintiff

v. C.A. NO. ____________

**W.L. FULLER, INC.,**
Defendant

CA 05 386 T

**COMPLAINT**

INTRODUCTORY STATEMENT

This action is commenced by **EARL RASTELLA** (hereinafter "Plaintiff" or "Rastella") against **W.L. FULLER, INC.** (hereinafter "Defendant" or "Employer" or "Fuller") in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices, based on disability, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. Sections 12001 *et seq.*; the Rhode Island Fair Employment Practices Act, R.I.G.L. 28-5-1 *et seq.*, in addition to other federal state and common law claims.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent provisions of, *inter alia*, Sec. 107(a) of the Americans With Disabilities Act of 1990 (ADA), 42 U.S.C. Sec.12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 USC Sections 2000e-5(f)(1) and (3).

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to inter alia, 28 U.S.C. 1391 (b).

4. On or about November 23, 2004, Rastella filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that he had been discriminated against on the basis of his disability, and had been the victim of retaliation—RICHR 05 EPD 086; EEOC #: 16JA500038.

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of this action, in each of its counts, in state and/or federal court, including receiving Right To Sue authorization from pertinent state and federal agencies (**Exhibit A & B.**)

**THE PARTIES**

6. The Plaintiff, Earl Rastella ("Rastella" or "Plaintiff"), an individual, is a resident and domiciliary of the City of Johnston, Rhode Island.

7. On information and belief, the Defendant, W. L. Fuller's, Inc. ("Fuller's" or "Defendant"), is a domestic corporation authorized by appropriate state authority to conduct business in the State of Rhode Island, and maintaining an office and principle places of business at 7 Cypress Street, Warwick, Rhode Island 02888.

8. Defendant is engaged in the business of operating a machine shop.

9. At all times material to the allegations of this Complaint, the Defendant have continuously, and do now, employ at least 15 or more employees in the State of Rhode Island.

10. At all times material to the allegations of this Complaint, the Defendant have continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the Americans with Disabilities Act, Sec. 101(5) of the ADA, 42 U.S.C. Sec.12111(5), and Sec.107(a) of the ADA, 42 U.S.C. Sec.12117(a), which incorporates by reference Sections701(g) and (h) of Title VII; and as those terms are applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sec.2000e et seq.

11. At all times material to the allegations of this Complaint, the Defendant was and is an "employer" or otherwise a covered entity within the meaning of pertinent provisions of the ADA, as defined in Sec. 101(2) of the ADA, 42 U.S.C. Sec.1211(2); and as applicable to pertinent provisions of Title VII.

12. At all times material to the allegations of this Complaint, Rastella held the status of an "individual" within the meaning of pertinent provisions defining that term and qualified(ies) as a person with a disability under 42 U.S.C. 12112(a).

13. At all times pertinent to the allegations of this Complaint, Rastella held the status of a person with a disability, as defined in Section 3(2) of the ADA, 42 U.S.C. 12102, and also pursuant to Rhode Island law, because he:

a. has a physical or emotional impairment that substantially limits one or more of his major life activities;

b. has a record of such an impairment; and/or

c. is and was regarded by the Defendant as having such an impairment.

14. On information and belief, and at all times material to the allegations of this Complaint, managers and supervisors of the Defendant engaging in discriminatory and unlawful workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as an agent of the Defendant, and the Defendant knew or reasonably should have known of their unlawful conduct.

## FACTS APPLICABLE TO EACH COUNT

15. Plaintiff was employed by Defendant for approximately 15 years.

16. At the time of the incidents cited in this Complaint, Plaintiff held the position of Machine Maintenance Technician, performing duties relating to machines, including general maintenance and repairs.

17. Throughout the tenure of Plaintiff's employment, Plaintiff performed his duties in a satisfactory fashion, meeting the employer's expectations.

18. Plaintiff's immediate supervisor berated him on several occasions relative to his work performance and his physical health.

19. On December 5, 2003, Plaintiff reported to work feeling ill.

20. Once Plaintiff completed his work, Plaintiff alerted an appropriate supervisor and went home sick for the day.

21. On December 8, 2003, Plaintiff returned to work.

22. Plaintiff's supervisor approached him and gave him a difficult time about leaving work sick on December 5, 2003, making derogatory comments to Plaintiff "going home and sleeping."

23. Subsequently, due to Plaintiff's medical condition (stress-related disorder), Plaintiff was compelled to take a leave from work and assert a Workers' Compensation claim.

24. On February 11, 2004, the employer sent Plaintiff a certified letter terminating his employment with the Company.

25. Plaintiff suffers from a disability in that he has a stress-related disorder. This disability substantially limits one or more of his major life activities including but not limited to his ability to concentrate, his ability to sleep, his ability to remember things, his ability to think, as well as his ability to work.

26. At all times, except when Plaintiff was on an approved leave of absence, Plaintiff was able to perform the essential functions of his job, with or without reasonable accommodation. Defendant discriminated against him because of his disability/disabilities and/or because it perceived him as having a disability/disabilities.

27. Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on disability status.

28. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the

Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of his disability status.

29. The wrongful actions by Defendant and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**REFUSAL TO ACCOMMODATE**
**TERMINATION**
**R.I.G.L. SECTION 42-112-1**

30. The allegations contained in Paragraphs 1-29 above are incorporated herein by reference in their entirety.

31. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability status;

b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his disability status;

d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as harm to his personal and professional reputation.

32. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's disability status or because they perceived Plaintiff to have a disability. Such practices include, but are not limited to, Defendant's:

a.) subjecting plaintiff to discriminatory terms and conditions of employment because of his disability status;

b.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on disability status; and

c.) terminating Plaintiff.

33. But for the Defendant's intent to discriminate against Plaintiff because of his disability status or subjected him to discriminatory terms and conditions of employment, retaliated against him, or terminated him.

34. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of

Plaintiff's disability status. The Defendant's conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**AND RETALIATION BASED ON DISABILITY**
**TERMINATION**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. § 28-5-1 et seq.**

35. Paragraphs 1-29 above are herein incorporated by reference in their entirety.

36. Defendant willfully engaged in a policy or practice of discriminating against the Plaintiff because of his disability or because they considered him to have a disability, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA.

37. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability status;

b.) depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c.) treating him in a hostile, demeaning, and otherwise unlawful manner based on his disability status;

d.) causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his person and professional reputation.

38. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's disability status. Such practices include, but are not limited to, Defendant's:

a.) retaliating against Plaintiff for asserting his rights to be free from discrimination based on disability status;

b.) subjecting Plaintiff to discriminatory terms and conditions of employment; and

c.) terminating the Plaintiff.

39. But for the Defendant's intent to discriminate against Plaintiff because of his disability status, Defendant would not have failed to place Plaintiff or subjected him to discriminatory terms and conditions of employment, or terminated him.

40. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has cause him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. §12117**
**Discriminatory Terms and Conditions of Employment**
**Retaliation**
**Termination**
**Failure to Accommodate**

41. Paragraphs 1-29 are herein incorporated by reference in their entirety.

42. At all times material to the allegations of the Complaint, Plaintiff was a qualified individual with a disability within the meaning of the ADA, and/or the Defendant considered him to have a disability.

43. Despite his disability or impairment, Plaintiff was able to perform the essential duties of his position, either with no need for accommodation or with reasonable accommodation.

44. The Defendant has engaged in unlawful employment practices in violation of the ADA, §§102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. §§12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

45. But for the Defendant's intent to discriminate against Plaintiff because of his status as a qualified person with a disability, Defendant would not have engaged in the conduct alleged in this complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT IV**

**RHODE ISLAND WHISTLEBLOWERS' PROTECTION ACT**

46. Paragraphs 1-29, above, are incorporated herein, by reference, in their entirety.

47. Defendant has discriminated and retaliated against the Plaintiff, in regard to the terms and conditions of his employment, because he complained to the Defendant regarding what he reasonably believed to have been Defendant's unlawful conduct, and filed a Workers' Compensation claim for disability benefits.

48. Defendant's conduct is in violation of the Rhode Island Whistleblower's Protection Act, R.I.G.L. Section 28-50-1 et seq.

49. As a result of the Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to his career, harm to his reputation, lost wages, lost opportunities for advancement, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of disability status;

b.) an order that the Defendant make whole the Plaintiff with appropriate promotional opportunities, lost earnings, backpay, frontpay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for their malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Earl Rastella,
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

 Ex. A

EEOC Form 161-B (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Earl Rastella**
**10 Elmdale Avenue**
**Johnston, RI 02919**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2005-00038** | **Rance A. O'Quinn, Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

**Robert L. Sanders,**
**Area Office Director**

JUN 13 2005
*(Date Mailed)*

Enclosure(s)

cc: **Diane L. Nobile**
**W.L. FULLER, INC**
**7 Cypress Street**
**Warwick, RI 02888**

**Stephen T. Fanning**
**The Law Office of Stephen Thomas Fanning**
**305 South Main Street**
**Providence, Rhode Island 02903**

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 05 EPD 086-22/07

EEOC NO. 16JA500038

In the matter of

Earl Rastella

Complainant

Against

NOTICE OF
RIGHT TO SUE

W.L. Fuller Inc.
Respondents

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY (90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

9/9/05
Date

Michael D. Évora
Executive Director

**************************************************************************