UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EARL RASTELLA,
Plaintiff

v. C.A. No.: 05-386T

W.L. FULLER, INC.
Defendant

# ANSWER

Defendant, W.L. Fuller, Inc. ("WLF"), by its attorneys, Little, Medeiros, Kinder, Bulman & Whitney, PC, states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Admits the allegations contained in Paragraph 3 of the Complaint.

4. Admits the allegations contained in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Admits the allegations contained in Paragraph 7 of the Complaint.

8. Admits that Defendant is engaged in the business of the manufacture of woodworking tools, but otherwise denies the allegations contained in Paragraph 8 of the complaint.

9. Admits the allegations contained in Paragraph 9 of the Complaint.

10. Admits the allegations contained in Paragraph 10 of the Complaint.

11. Admits the allegations contained in Paragraph 11 of the Complaint.

12. Denies the allegations contained in Paragraph 12 of the Complaint.

13. Denies the allegations contained in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint.

15. Admits the allegations contained in Paragraph 15 of the Complaint.

16. Admits that as part of his employment Plaintiff performed duties relating to machines, including general maintenance and repairs, but otherwise denies the allegations contained in Paragraph 16 of the Complaint.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint.

20. Admits that on December 5, 2003, Plaintiff went home from work early, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Admits the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Admits that Plaintiff asserted a workers' compensation claim, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT I OF THE COMPLAINT**

30. Repeats and realleges each and every answer contained in Paragraphs 1-29 above as if fully set forth herein.

31. Denies the allegations contained in Paragraph 31 of the Complaint.

32. Denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint is unintelligible. To the extent it contains any allegations, such allegations are denied.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT II OF THE COMPLAINT

35. Repeats and realleges each and every answer contained in Paragraphs 1-34 above as if fully set forth herein.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Denies the allegations contained in Paragraph 37 of the Complaint.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Denies the allegations contained in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT III OF THE COMPLAINT**

41. Repeats and realleges each and every answer contained in Paragraphs 1-40 above as if fully set forth herein.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

43. Admits that Plaintiff performed his job in a satisfactory manner until he stopped coming to work, but otherwise Denies the allegations contained in Paragraph 43 of the Complaint, and specifically denies that Plaintiff ever informed Defendant of any disability, or that Defendant knew or perceived Plaintiff to have any disability

44. Denies the allegations contained in Paragraph 44 of the Complaint.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

**AS AND FOR AN ANSWER TO COUNT IV OF THE COMPLAINT**

46. Repeats and realleges each and every answer contained in Paragraphs 1-45 above as if fully set forth herein.

47. Denies the allegations contained in Paragraph 47 of the Complaint.

48. Denies the allegations contained in Paragraph 48 of the Complaint.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim for which relief may be granted.

2. All actions taken by Defendant with respect to Plaintiff were carried out for legitimate, non-discriminatory reasons and were undertaken in good faith.

3. The Plaintiff failed to mitigate his damages, if any.

4. The Complaint fails to state a claim for disability discrimination.

5. At no time did WLF deny Plaintiff any rights he may have had under the ADA, the Rhode Island Civil Rights Act, the Rhode Island Fair Employment Practices Act, the Rhode Island Whistleblowers' Protection Act, or any other law or statute.

6. The Complaint fails to state a claim under the Rhode Island Whistleblowers' Protection Act because the Plaintiff does not allege he reported a violation of law to a public body.

7. The Plaintiff's alleged request(s) for accommodation were not reasonable and, even if they were reasonable, would have been an undue hardship on the Defendant.

WHEREFORE, the Defendant requests that this Court enter judgment in its favor and deny each and every request for relief made by the Plaintiff and award the Defendant its attorneys' fees and costs, and grant such other and further relief as this Court deems just and proper.

Dated: Providence, Rhode Island
October 20th, 2005

Defendant,
W.L. FULLER, INC.
By its attorneys

Daniel K. Kinder (# 2151)
Matthew M. Riordan (#7205)
Little Medeiros Kinder
Bulman & Whitney, PC
72 Pine Street
Providence, RI 02903
(401) 272-8080
(401) 521-3555 (Facsimile)

**Certification**

I certify that a true copy of this Answer was sent on the 20th day of October, 2005 via first class mail, postage prepaid to: Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903.